# UNITED STATES DISTRICT COURT FOR
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD WHITE, on Behalf of Himself and All Others Similarly Situated,**<br><br>　　　　　　　　　　　**Plaintiff,**<br><br>　　vs.<br><br>**SUNOCO INC.,**<br><br>　　　　　　　　　　　**Defendant.** | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff, Donald White, by and through undersigned counsel, on behalf of himself and all persons similarly situated, complains and alleges as follows:

### NATURE OF THE CASE

1. This is a civil action seeking monetary damages, restitution, declaratory relief, and injunctive relief from Sunoco Inc. ("Sunoco"), arising from Sunoco's false and deceptive representations about the benefits of being a Sunoco Rewards Credit Card cardholder. Sunoco prominently advertises that the Sunoco Rewards Credit Card guarantees cardholders a 5¢/gallon discount on every fuel transaction at any Sunoco location.

1. These statements are false. Sunoco does not apply the 5¢/gallon discount every time as promised. Instead, Sunoco often keeps the promised 5¢/gallon for itself. This blatantly contradicts Sunoco's express, unambiguous representations. As a result, cardholders have overpaid for gasoline purchased at Sunoco locations with the Sunoco Rewards Credit Card.

**JURISDICTION AND VENUE**

2.  This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original jurisdiction because the aggregate claims of the putative Class exceed $5 million, exclusive of interest and costs, and at least one of the members of the proposed classes is a citizen of a different state than Sunoco.

3.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Sunoco is subject to personal jurisdiction here and regularly conducts business in the Eastern District of Pennsylvania, and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

**THE PARTIES**

4.  Plaintiff, Donald White, is a resident and citizen of the State of Florida.

5.  Defendant Sunoco Inc. ("Sunoco") is a Pennsylvania corporation with its principal place of business located at 1818 Market St., Philadelphia, Pennsylvania. Sunoco regularly conducts business in Pennsylvania, Florida, and elsewhere. It has specific, as well as general and systematic, contacts in Pennsylvania.

6.  Sunoco markets motor fuels through more than 4,900 Sunoco-branded locations in 26 states, including Pennsylvania, Florida, and others. The company markets more than 4.7 billion gallons of fuel a year. On information and belief, promotional and administrative decisions about the Sunoco Rewards Credit Card are made by Sunoco personnel in Pennsylvania.

**COMMON FACTUAL ALLEGATIONS**

A.  **The Sunoco Rewards Credit Card**

7.  Sunoco prominently advertises its "Sunoco Rewards Credit Card" to consumers who frequent the company's retail locations and website, www.sunoco.com.

8.      Sunoco's entices consumers to apply for the Sunoco Rewards Credit Card by representing that cardholders will receive "5¢ OFF EVERY GALLON" of fuel purchased at any Sunoco location.  The following is an example of an advertising pamphlet available at a Sunoco location (a copy of the complete pamphlet is attached as Exhibit A hereto):



9.      Sunoco makes similar representations online.  For example, Sunoco represents on its website that:  "The Sunoco Rewards Credit Card not only offers gas rewards but *this fuel credit card will also instantly roll your gas prices 5¢ on every gallon*, *every time you fill up at Sunoco*." *See* https://www.sunoco.com/ways-to-save/gas-credit-cards/ (emphasis added) (Ex. B hereto).

10.     Sunoco reiterates its promise of 5¢ off every gallon in the terms and conditions that accompany the company's advertised offer.  The terms and conditions unequivocally state:

> When you use your Sunoco Rewards Card to purchase fuel, the price you pay will be reduced by five cents ($.05) per gallon.  For fuel purchases made at the pump, the price per gallon will be reduced at the pump after you swipe your credit card, and for in-store purchases the discount will be applied prior to the completion of your purchase.

*See* Ex. A; *see also* Ex. C (identical set of terms available through Sunoco's website).

11.     The terms continue:

> In the event discounts at the point of sale are unavailable for any reason, you will receive the discounts as a statement credit.  In that case, you will not see a reduction in the price per gallon at the pump or prior to the completion of an in-store purchase.  The statement credits will be automatically posted to your monthly billing statement.

*See* Ex. A; *see also* Ex. C.

12.     Thus, the 5¢/gallon discount should accrue for every fuel transaction at a Sunoco location, either immediately at the pump or in-store pay counter (e.g., gasoline advertised as $2.79^{9/10}$/gallon would be charged at $2.74^{9/10}$/gallon at the pump or register), or as an after-the-fact credit automatically calculated and posted to a cardholder's account and reflected on a monthly statement.

13.     Either way, Sunoco unambiguously represents that the 5¢/gallon discount will accrue in one manner or the other, for every fuel transaction at a Sunoco location.

- 4 -

14. Sunoco's representations are false. Contrary to its clear and express representations, Sunoco does *not* apply a 5¢/gallon discount on all fuel purchases made by cardholders at every Sunoco location. Sunoco omits this material information to induce consumers to sign-up for the Sunoco Rewards Credit Card so they frequent Sunoco locations.

> A. **Plaintiff's Discovery of Sunoco's Scheme**

15. Plaintiff, Mr. Donald White, frequented various Sunoco locations to purchase gasoline for his personal or household use with his Sunoco Rewards Credit Card.

16. In January 2015, Mr. White noticed that the promised 5¢/gallon discount did not accrue at the pump or register for certain of his fuel purchases he made at Sunoco locations with his Sunoco Rewards Credit Card.

17. Upon realizing this, Mr. White reached out to customer service for the Sunoco Rewards Credit Card in late January 2015. He was assured that the discount would be applied after-the-fact on his statement if it did not accrue at the pump.

18. However, in February 2015, when Mr. White reviewed his January statement, the discount had not been applied. On February 26, 2015, he once again contacted customer service. Mr. White was told that same day by customer service that "not all stations honor the discount."

19. This directly contradicted Sunoco's representations, which Mr. White noted.

20. Nearly a month later, customer service confirmed that Sunoco is responsible for ensuring that the 5¢/gallon discount is properly applied, but could not adequately explain why the 5¢/gallon discount had not been applied in certain instances, could not identify whether the discount had been properly applied for earlier transactions, and could not say whether similar errors would occur in the future.

21. Mr. White has experienced further instances in which the 5¢/gallon discount has not been applied at the pump or after-the-fact on his statement. For instance, the same problem has happened at least twice since April 2015.

- 5 -

## C. Sunoco Benefits from Its Wrongful Conduct

22. Sunoco substantially benefits from its fraudulent, deceptive, and unfair conduct. By enticing would-be cardholders with false promises of an automatic 5¢/gallon discount, Sunoco has lulled consumers into making gasoline (and other) purchases at Sunoco locations when they would have made their purchases elsewhere, and/or at a lower price.

23. Sunoco has also enriched itself by not paying the 5¢/gallon discount in all transactions by putative Class members, and keeping the money for itself.

24. Finally, Sunoco has unfairly put the onus on unsuspecting consumers to ensure that the promised 5¢/gallon discount is actually applied. Consumers are unlikely to be very vigilant because Sunoco's false promises and omissions lull them into believing that the discount will be applied automatically, without consumers having to take any action.

25. Even when consumers such as Mr. White notice Sunoco's failure to apply the promised discount, Sunoco does not offer any assurances that this error will not happen again. This places an unfair and undue burden on consumers, whom Sunoco promised would receive discounts automatically.

## CLASS ALLEGATIONS

26. Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23.

27. The proposed classes are defined as:

> All persons in the United States who, within the applicable statute of limitations preceding the filing of this action through class certification, held a Sunoco Rewards Credit Card (the "National Class"); and

> All persons in the State of Florida who, within the applicable statute of limitations preceding the filing of this action through class certification, held a Sunoco Rewards Credit Card (the Florida State Subclass) (for purposes of the claim under the Florida

    Deceptive and Unfair Trade Practices Act, ("FDUTPA"), Fla. Stat.
    § 501.201, *et seq*. (*see* Fourth Claim for Relief, *infra*).

The National Class and the Florida State Subclass are collectively referred to as the "Classes."

  2. Plaintiff reserves the right to modify or amend the definition of the proposed Classes before the Court determines whether certification is appropriate.

  28. Excluded from the Classes are Sunoco, its parents, subsidiaries, affiliates, officers and directors, any entity in which Sunoco has a controlling interest, all customers who make a timely election to be excluded, governmental entities, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

  29. The members of the Classes are so numerous that joinder is impractical. The Classes consist of many thousands of members, the identities of whom are within the knowledge of and can be ascertained only by resort to Sunoco's records.

  30. The claims of the representative Plaintiff are typical of the claims of the Classes in that the representative Plaintiff, like all Class members, is a Sunoco Rewards Credit Card cardholder. The representative Plaintiff, like all Class members, has been damaged by Sunoco's misconduct in that they have been harmed by the same deceptive, misleading, and/or fraudulent pretenses and practices. Furthermore, the factual basis of Sunoco's misconduct is common to all Class members, and represents a common thread of unfair and unconscionable conduct resulting in injury to all members of the Classes.

  31. There are numerous questions of law and fact common to the Classes and those common questions predominate over any questions affecting only individual Class members.

  32. Among the questions of law and fact common to the Classes are whether Sunoco:

    a. Unlawfully, falsely, deceptively, or misleadingly represented that a 5¢/gallon discount would be applied automatically for all gasoline purchases made with the Sunoco Rewards Credit Card at any Sunoco location;

    b. Unlawfully, falsely, deceptively, or misleadingly induced Class members into becoming Sunoco Rewards Credit Card cardholders based on misrepresentations and false promises;

    c. Wrongfully omitted that the 5¢/gallon discount would not be applied automatically for all gasoline purchases made with the Sunoco Rewards Credit Card at any Sunoco location;

    d. To the extent applicable, whether and how long Sunoco fraudulently concealed its past and ongoing wrongful conduct from Plaintiff and other members of the Classes;

    e. Was unjustly enriched through the company's actions; and

    f. Violated consumer protection and other state law.

  33. Other questions of law and fact common to the Classes include:

    g. The proper method or methods by which to measure damages; and

    h. The declaratory and injunctive relief to which the Classes are entitled.

  34. Plaintiff's claims are typical of the claims of other Class members, in that they arise out of the same wrongful conduct and the same or substantially similar unconscionable conduct by Sunoco. Plaintiff has suffered the harm alleged and has no interests antagonistic to the interests of any other Class member.

  35. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of consumers. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

  36. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the amount of each individual Class member's claim is small relative to the complexity of the litigation, and due to the financial resources of Sunoco, no

Class member could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the Class members will continue to suffer losses and Sunoco's misconduct will proceed without remedy.

37. Even if Class members themselves could afford such individual litigation, the court system could not. Individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court.

### FIRST CLAIM FOR RELIEF
### Fraud and Fraudulent Inducement
### (On Behalf of the National Class)

38. Plaintiff repeats the preceding paragraphs as if set forth fully herein.

39. Sunoco affirmatively misrepresented and/or did not disclose sufficient facts to render non-misleading its statements about the 5¢/gallon discount offered in connection with the company's promotion of the Sunoco Rewards Credit Card. These misrepresentations or omissions include, inter alia, whether the 5¢/gallon discount would be applied at the point of purchase or automatically after-the-fact for every fuel transaction made at a Sunoco location with a Sunoco Rewards Credit Card.

40. Sunoco knew, or reasonably should have known, that its representations alleged herein were materially false or misleading, or that omission of material facts rendered such representations false or misleading. Sunoco also knew, or had reason to know, that its misrepresentations and omissions would induce Class members to become Sunoco Rewards Credit Card cardholders and use the card to purchase gasoline at Sunoco locations.

41. Sunoco's misrepresentations or omissions were material and a substantial factor in Plaintiff and Class members' becoming Sunoco Rewards Credit Card cardholders.

42. Sunoco intended its misrepresentations or omissions to induce Plaintiff and Class members to become (or to remain) Sunoco Rewards Credit Card cardholders, or had reckless disregard for same.

43. But for these misrepresentations (or omissions), Plaintiff and Class members would not have become Sunoco Rewards Credit Card cardholders, and/or would have purchased gasoline at cheaper prices.

44. Plaintiff and Class members were justified in relying on Sunoco's misrepresentations. The same or substantively identical misrepresentations were communicated, and/or the same or substantively identical omissions were not communicated, to each Class member, including through promotional materials prepared and disseminated by Sunoco.

45. Plaintiff and Class members were damaged by reason of Sunoco's misrepresentations or omissions alleged herein.

## SECOND CLAIM FOR RELIEF
### Negligent Misrepresentation or Omission
**(On Behalf of the National Class)**

46. Plaintiff repeats the preceding paragraphs as if set forth fully herein.

47. Sunoco had or undertook a duty to accurately and truthfully represent to consumers the truth regarding Sunoco's statements about the 5¢/gallon discount associated with the Sunoco Rewards Credit Card.

48. Sunoco failed to exercise ordinary care in making representations concerning the 5¢/gallon discount associated with the Sunoco Rewards Credit Card.

49. Sunoco negligently misrepresented or omitted the 5¢/gallon discount associated with the Sunoco Rewards Credit Card.

50. Sunoco's statements were false at the time the misrepresentations were made (or the omissions were not made.

51. Sunoco knew, or reasonably should have known, that its representations alleged herein were materially false or misleading, or that omission of material facts rendered such representations false or misleading. Sunoco also knew, or had reason to know, that its misrepresentations and omissions would induce Class members to become Sunoco Rewards Credit Card cardholders.

52. As a direct and proximate result of Sunoco's acts and omissions described herein, Plaintiff and putative Class members have suffered harm, and will continue to do so.

53. Sunoco's misrepresentations or omissions were material and a substantial factor in Plaintiff and Class members' becoming Sunoco Rewards Credit Card cardholders.

54. Sunoco intended its misrepresentations or omissions to induce Plaintiff and Class members to become (or to remain) Sunoco Rewards Credit Card cardholders, or had reckless disregard for same.

55. But for these misrepresentations (or omissions), Plaintiff and Class members would not have become Sunoco Rewards Credit Card cardholders, and/or would have purchased gasoline at cheaper prices and/or elsewhere.

56. Plaintiff and Class members were justified in relying on Sunoco's misrepresentations. The same or substantively identical misrepresentations were communicated, and/or the same or substantively identical omissions were not communicated, to each Class member, including through promotional materials prepared and disseminated by Sunoco.

57. Plaintiff and Class members were damaged by reason of Sunoco's misrepresentations or omissions alleged herein.

## THIRD CLAIM FOR RELIEF
### Unjust Enrichment
**(On Behalf of the National Class)**

58. Plaintiff repeats the preceding paragraphs as if set forth fully herein.

59. By means of Sunoco's wrongful conduct alleged herein, Sunoco knowingly induced Plaintiff and members of the National Class to apply for and use the Sunoco Rewards Credit Card by fraudulent, unfair, deceptive, unconscionable, and/or oppressive means.

60. Sunoco knowingly received and retained wrongful benefits from Plaintiff and members of the National Class.  In so doing, Sunoco acted intentionally or with conscious disregard for the rights of Plaintiff and members of the National Class.

61. As a result of Sunoco's wrongful conduct as alleged herein, Sunoco has been unjustly enriched at the expense, and to the detriment, of Plaintiff and members of the National Class.

62. Sunoco's unjust enrichment is traceable to, and resulted directly and proximately from, the wrongful conduct alleged herein.

63. It is unfair and inequitable for Sunoco to be permitted to retain the benefits it received, and is still receiving, without justification, from the wrongful conduct alleged herein. Sunoco's retention of such benefits under the circumstances is inequitable.

64. The financial benefits derived by Sunoco rightfully belong to Plaintiff and members of the National Class, in whole or in part.  Sunoco should be compelled to account for and disgorge in a common fund for the benefit of Plaintiff and members of the National Class all wrongful or inequitable proceeds received from them.  A constructive trust should be imposed upon all wrongful or inequitable sums received by Sunoco traceable to Plaintiff and the members of the National Class.

65. Plaintiff and members of the National Class have no adequate remedy at law.

66.     Sunoco's fraud and/or unilateral decision not to apply the 5¢/gallon discount in all instances as promised amounts to an illusory promise rendering any agreement unenforceable, unconscionable, void, or voidable.

**FOURTH CLAIM FOR RELIEF**
**Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq*.**
**(On Behalf of the Florida State Subclass)**

67.     Plaintiff repeats the preceding paragraphs as if set forth fully herein.

68.     This claim is asserted on behalf of the members of the Florida State Subclass under the Florida Deceptive and Unfair Trade Practices Act, ("FDUTPA"), Fla. Stat. § 501.201, *et seq*.

69.     Plaintiff and members of the Florida State Subclass are "consumers" within the meaning of Fla. Stat. § 501.203(7).

70.     FDUTPA declares "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce" to be unlawful.  Fla. Stat. § 501.204(1).

71.     FDUTPA defines "trade or commerce" as "the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, or thing of value, wherever situated." Fla. Stat. § 501.203(8).

72.     Sunoco's conduct alleged herein constitutes "trade or commerce" within the meaning of Fla. Stat. § 501.203(8), and "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices" for purposes of Fla. Stat. § 501.204(1).

73.     In addition, violations of Section 5(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a)(1) constitute unfair, unconscionable, and/or deceptive acts or practices in violation of FDUTPA.  *See* Fla. Stat. §°501.204(2).  Sunoco's conduct alleged herein constitutes violations of the FTC Act and, therefore, FDUTPA.

74. As a direct and proximate result of Sunoco's violations of FDUTPA, Plaintiff and putative Florida State Subclass members have suffered a loss of money and suffered actual damages.

75. In addition to actual damages, Plaintiff and the Florida State Subclass are entitled to declaratory and injunctive relief as well as reasonable attorney's fees and costs pursuant to Fla. Stat. §§ 501.2105 and 501.211.

76. To the extent applicable, Sunoco intended that Plaintiff and Florida State Subclass members would rely on the company's misrepresentations, or acts of concealment and omissions. Further, to the extent applicable, reliance can be presumed under the circumstances.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and the Classes demand a jury trial on all claims so triable and judgment as follows:

1. Declaring Sunoco's conduct alleged herein to be fraudulent, deceptive, wrongful, unfair, inequitable, and unconscionable;

2. Restitution owing to Plaintiff and the Classes as a result of the wrongs alleged herein in an amount to be determined at trial;

3. An accounting and disgorgement of the ill-gotten gains derived by Sunoco's misconduct;

4. Actual damages in an amount according to proof;

5. A temporary and permanent injunction enjoining Sunoco from engaging in the same wrongful conduct going forward including requiring Sunoco to adequately disclose facts to render truthful its representations;

6. Punitive and exemplary damages;

7. Pre-judgment and post-judgment interest at the maximum rate permitted by applicable law;

8. Costs and disbursements assessed by Plaintiff in connection with this action, including reasonable attorneys' fees; and

9. Such other relief as this Court deems just and proper.

**Dated: <u>August 14, 2015</u>**                                      Respectfully submitted,

    */s/ DJS8892*
Richard M. Golomb, Esquire
Ruben Honik, Esquire
Kenneth J. Grunfeld, Esquire
David J. Stanoch, Esquire
**GOLOMB & HONIK, P.C.**
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Phone: (215) 985-9177
Fax:    (215) 985-4169
Email: rgolomb@golombhonik.com
             rhonik@golombhonik.com
             kgrunfeld@golombhonik.com
             dstanoch@golombhonik.com

*Attorneys for Plaintiff and the Proposed Classes*