IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD WHITE,         : | |
|        **Plaintiff,**   : | |
|   v.                  : | Civ. No. 15-4595 |
|                       : | |
| SUNOCO INC.           : | |
|        **Defendant.**  : | |
|                       : | |

**O R D E R**

    This putative class action concerns the availability of a five-cent per gallon discount on fuel purchases made with a Sunoco Rewards Card.  On August 14, 2015, Plaintiff Donald White, on behalf of himself and all others similarly situated, filed the instant Complaint, alleging fraud, negligent misrepresentation, unjust enrichment, and violations of Florida's Deceptive and Unfair Trade Practices Act.  (Doc. No. 1.)  On October 16, 2015, Defendant Sunoco filed a Motion to Compel Arbitration and Stay Litigation.  (Doc. No. 11.)  Plaintiff responded on October 30, 2015, and Defendant replied on November 5, 2015.  (Doc. Nos. 14, 17.)  Plaintiff opposes arbitration, arguing, *inter alia*, that Defendant Sunoco lacks standing to enforce a Cardholder Agreement (containing a purportedly mandatory arbitration provision) to which Plaintiff White and non-party Citibank, N.A. (the card issuer) allegedly agreed. (Doc. No. 11 at Ex. 1.)

    The Federal Arbitration Act establishes a strong federal policy favoring arbitration.  9 U.S.C. §§ 1-16; Puleo v. Chase Bank USA, N.A., 605 F.3d 172, 178 (3d Cir. 2010).  Nonetheless, "[b]efore a party to a lawsuit can be ordered to arbitrate and thus be deprived of a day in court, there should be an express, unequivocal agreement to that effect."  Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., 636 F.2d 51, 54 (3d Cir. 1980).  If the affirmative defense of arbitrability appears on the Complaint's face or documents on which the Complaint is based, I must review a motion to compel arbitration under the Rule 12(b)(6) standard "without

discovery's delay."  Guidotti v. Legal Helpers Debt Resolution, LLC., 716 F.3d 764, 776 (3d Cir. 2013); Fed. R. Civ. P. 56.  I must review such a motion under Rule 56, however, where "the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue."  Id. at 776; Fed. R. Civ. P 56.  In this latter event, the Parties are entitled to "further development of the factual record," and I may entertain a renewed Motion to Compel Arbitration. Id. at 775; see also MacDonald v. Unisys Corp., 951 F. Supp. 2d 729, 738 (E.D. Pa. 2013).

Here, unfortunately, Defendant does not specify the proper standard for evaluating its Motion or Guidotti's applicability.  Rather, Defendant asks me to consider, *inter alia*, an "exemplar" Cardholder Agreement (that includes the purported arbitration provision) and an affidavit of a Citibank employee. (Doc. No. 11 at Ex. A ¶ 6, Ex. 1.)  Neither of these documents is mentioned in or attached to the Complaint.  Defendant's argument that the Complaint "relies on" the Cardholder Agreement is tenuous. (Doc. No. 14 at 2, 9.)  Although Plaintiff "does not dispute the existence of the Cardholder Agreement between himself and Citibank," he denies that he has "allege[d] a breach of the Cardholder Agreement, or of any other contract." (Doc. No. 14 at 6, n.1.)  Moreover, although Plaintiff has attached several exhibits to his Complaint—including Sunoco promotional materials, an initial credit card application referring to the Sunoco Rewards Card Terms and Conditions, and certain disclosures—neither the Cardholder Agreement nor any documentary evidence of Plaintiff's purported acceptance of it is apparent on the face of the Complaint or its attachments. (Doc. No. 1, Exs. A-C.)

Accordingly, under Guidotti, I must allow limited discovery on arbitrability.  716 F.3d at 774 (if the court determines that "the complaint and its supporting documents are unclear

regarding the agreement to arbitrate" it should allow limited discovery); see also Leighton v. Chesapeake Appalachia, LLC, No. 13-2018, 2013 WL 6191739, at *9 (M.D. Pa. Nov. 26, 2013) ("At this point, we should order Plaintiffs to arbitrate their claims against defendants . . . . [h]owever, Guidotti instructs us to allow a period of discovery."). At the conclusion of that discovery, Defendant may renew its Motion.

**AND NOW**, this 8th day of December, 2015, upon consideration of Defendant's Motion to Compel Arbitration and Stay Litigation (Doc. No. 11), Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Compel Arbitration and Litigation (Doc. No. 14), and Defendant's Reply (Doc. No. 17), it is hereby **ORDERED** that:

1. Defendant's Motion to Compel Arbitration and Stay Litigation (Doc. No. 11) is **DENIED** without prejudice.

2. The Parties shall engage in *limited* discovery on issues relating to the enforceability of the Arbitration Clause of the Cardholder Agreement underlying Defendant's Motion to Compel Arbitration and Stay Litigation. All discovery shall proceed and continue in such manner as will assure that all requests for, and responses to, discovery will be noticed, served, and completed no later than **January 8, 2016.**

**3.** Defendant may submit a renewed Motion to Compel Arbitration and Stay Litigation on or before **January 15, 2016 at 5:00 p.m.** Plaintiff shall respond on or before **January 22, 2016** at **5:00 p.m.**

4. The Clerk shall place this case in **CIVIL SUSPENSE** pending receipt of Defendant's renewed Motion.

        **AND IT IS SO ORDERED.**

        */s/ Paul S. Diamond*_____
        Paul S. Diamond, J.