UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD WHITE,<br><br>         Plaintiff,<br><br>    v.<br><br>SUNOCO, INC.,<br><br>         Defendant. | Case No. 2:15-04595-PSD |

**JOINT REPORT OF RULE 26(f) CONFERENCE**

Plaintiff Donald White ("Plaintiff") and Defendant Sunoco Inc.[1] ("Defendant" or "Sunoco") hereby submit this joint report of their Rule 26(f) conference:

**1. Discussion of Claims, Defenses, and Relevant Issues**

  **a. Plaintiff's Statement**

This is a putative consumer class action about Sunoco's false and deceptive advertising. Sunoco promised a $0.05 per gallon discount on all fuel purchases made at all Sunoco locations using the Sunoco Rewards Card ("Card"). Plaintiff contends that he and other putative class members did not receive the promised discount either at the point of sale or as an automatic statement credit on his Card account. After repeatedly trying to understand why he did not receive the promised discount, he was informed that "Sunoco has a file" about which Sunoco-branded stations do and do not honor the promised $0.05 per gallon discount

Based upon those allegations, Plaintiff asserts claims of fraud and fraudulent inducement (Count I), negligent misrepresentation or omission (Count II), unjust enrichment (Count III), and violation of Florida's Deceptive and Unfair Trade Practices Act, § 501.201, *et seq.* (Count IV). Plaintiff seeks to assert the common law claims on behalf of a nationwide class of all persons in the United States who have held a Sunoco Rewards Card within the applicable statute of limitations. Plaintiff seeks to assert the FDUTPA claim on behalf of a Florida subclass comprised of all persons in Florida who have held a Sunoco Rewards Card within the applicable statute of limitations. Plaintiff seeks restitution, disgorgement, an accounting, actual and punitive damages,

---

[1] Defendant contends that Sunoco, Inc. is not the proper defendant in this action. The proper entity is Sunoco Retail, L.L.C. All references to "Defendant" or "Sunoco" herein refer to Sunoco Retail, L.L.C.

1

declaratory relief, temporary and permanent injunctive relief, interest, and costs and expenses, including reasonable attorneys' fees.

    **b. Defendant's Statement**

Sunoco denies the allegations in Plaintiff's Complaint. As an initial matter, Sunoco will show that it promoted and administered the Sunoco Rewards Card program with Citibank, N.A., including the $0.05 discount feature of the Card. As part of that co-branded Card program, Sunoco has worked with Citibank to employ robust compliance, monitoring, and customer service efforts to deliver the $0.05 discount feature to Cardholders. There simply is no scheme to deceive or defraud, nor any negligent actions or omissions. To that end, Sunoco intends to demonstrate that: (1) Sunoco set up most of its locations to provide the $0.05 discount at the point of sale for fuel purchases made with the Card; (2) Sunoco identified for Citibank the locations where the discount would have to be provided by Citibank as a subsequent credit; (3) Sunoco monitored fuel purchases made with the Card to flag potential technical errors or issues at particular locations; and (4) Sunoco and/or Citibank took steps to investigate and remediate any errors that may have occurred with respect to the discount feature of the Card, including reimbursing Plaintiff when he complained and providing additional goodwill credits to his account.

Sunoco also contends that this action is not amenable to class treatment. Among other issues, Sunoco maintains that: (1) the questions of alleged reliance, deception, and causation raised by Plaintiff's claims are inherently individualized inquiries; (2) a nationwide class is inappropriate here, given differences in state law as to Plaintiff's common law claims; (3) the proposed classes are overly broad in that the vast majority of class members suffered no injury; and (4) a class member's entitlement to any relief depends upon individualized analysis, as each individual's account history would have to be scoured to determine whether that Cardholder ever failed to receive the $0.05 fuel discount, and if so, whether that failure was remedied and/or whether it was the result of negligence, fraud, or deception, as opposed to an honest mistake or isolated error.

**2.     Initial Disclosures Pursuant to Rule 26(a)(1)**

The parties agree to serve their Initial Disclosures by December 12, 2017.

**3.     Discovery Plan and Schedule**

    **a. The Parties' Positions on Discovery**

        i.  Plaintiff's Position

Plaintiff believes the issues in this case are straightforward and that discovery will principally focus on: (i) Sunoco's implementation and advertising of the $0.05 per gallon discount; (ii) which Sunoco locations did and did not honor the $0.05 per gallon discount, and why; and (iii) the identification and calculation of the amount of damages sustained by Mr. White and other putative class members by virtue of their failure to receive the $0.05 per gallon discount. Plaintiff believes discovery can and should be accomplished expeditiously, particularly in light of the fact that this case has already been pending for over two years.

Plaintiff believes written discovery should commence immediately following the Rule 16 conference. Plaintiff disagrees that there should be any phased discovery, such as Defendant's suggestion of an initial 60-day period purportedly focused only on the legal question of Mr. White's standing. Phased discovery on Mr. White's standing only would be impossible to enforce and will add needless complexity and delay to accomplish very little.

        ii.    Defendant's Position

Based upon the data collected by Sunoco to date, it appears that during the eight-month period immediately preceding the August 14, 2015 filing of the Complaint in this action, Plaintiff was fully compensated for each occasion when he allegedly did not receive the five cent per gallon discount on fuel purchases made with his Sunoco Rewards Card. If Plaintiff has been fully reimbursed for his alleged failure to receive the discount throughout the relevant time period, then he lacks standing to pursue this action and the Court lack subject matter jurisdiction over it.

Accordingly, Sunoco proposes an initial stage of individual discovery to address Plaintiff's standing. Third-party discovery from Citibank may be necessary to confirm Plaintiff's full transactional history as to his Sunoco Rewards Card fuel purchases; therefore, Sunoco proposes a 60-day period of discovery focused on this threshold issue, with a proposed completion deadline of February 15, 2018.

**b. Proposed Schedule**

The parties' respective positions on additional scheduling is as follows:

| Event | Plaintiff's Position | Defendant's Position |
|---|---|---|
| Close of fact discovery on Plaintiff's claims and class certification | May 11, 2018 | September 10, 2018 |
| Deadline for Plaintiff to file motion for class certification and serve expert report(s) on class issues | May 18, 2018 | September 17, 2018 |
| Deposition of Plaintiff's class certification expert(s) | No earlier than 15 days and no later than 30 days after service of their expert report(s) | No earlier than 15 days and no later than 30 days after service of their expert report(s) |
| Deadline for Defendant to file a response in opposition to class certification and serve expert report(s) on class issues | July 2, 2018 | November 1, 2018 |
| Deposition of Defendant's class certification expert(s) | No earlier than 15 days and no later than 30 days after service of their expert report(s) | No earlier than 15 days and no later than 30 days after service of their expert report(s) |

| Event | Plaintiff's Position | Defendant's Position |
|---|---|---|
| Deadline for Plaintiff's reply in support of class certification | August 16, 2018 | December 17, 2018 |
| Hearing on motion for class certification | To be determined by the Court | To be determined by the Court |

The parties agree and propose that the Court defer on setting additional case management dates or deadlines, including a trial date, until after the Court rules on class certification. It is also Defendant's position that nothing in this proposal or in the case management order should preclude any party from filing a dispositive motion at any time, including prior to a decision on class certification.

### c. Other Matters

The parties will attempt to agree upon a proposed protective order by January 8, 2018. If no agreement can be reached, the parties will submit their competing proposals to the Court with an explanatory letter regarding the areas of disagreement by January 12, 2018.

The parties agree to conduct any necessary electronic discovery on a consensual basis and will endeavor to agree upon the sources, custodians, and search terms used to locate and cull such data. To the extent a need arises for a written ESI Protocol between the parties, they will work together to reach agreement on its terms.

### 4. Settlement

To date, Plaintiff has not made a settlement demand. Plaintiff believes that additional discovery is necessary before he can do so. The parties remain open to settlement discussions going forward.

Pursuant to Local Rule of Civil Procedure 5.1.2(9)(c), the undersigned attorneys have consented to the filing of this document by counsel for Defendant.

Dated: December 6, 2017.   Respectfully submitted,

| | |
|---|---|
| */s/* David J. Stanoch | */s/* Seamus C. Duffy |
| Richard M. Golomb (Pa. Id. No. 42845) | Seamus C. Duffy (Pa. Id. No. 52501) |
| Ruben Honik (Pa. Id. No. 33109) | Kathryn E. Deal (Pa. Id. No. 93891) |
| Kenneth J. Grunfeld (Pa. Id. No. 84121) | Meredith C. Slawe (Pa. Id. No. 201489) |
| David J. Stanoch (Pa. Id. No. 91342) | Katherine L. Villanueva (Pa. Id. No. 203848) |
| **GOLOMB & HONIK, P.C.** | **DRINKER BIDDLE & REATH LLP** |
| 1515 Market Street, Suite 1100 | One Logan Square, Suite 2000 |
| Philadelphia, PA 19102 | Philadelphia, PA 19103-6996 |
| Tel: (215) 985-9177 | Tel: (215) 988-2700 |
| Fax: (215) 985-4169 | Fax: (215) 988-2757 |
| rgolomb@golombhonik.com | Seamus.Duffy@dbr.com |
| rhonik@golombhonik.com | Kathryn.Deal@dbr.com |
| kgrunfeld@golombhonik.com | Meredith.Slawe@dbr.com |
| dstanoch@golombhonik.com | Katherine.Villanueva@dbr.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

**CERTIFICATE OF SERVICE**

I, Seamus C. Duffy, hereby certify that, on December 6, 2017, I caused a true and correct copy of the foregoing Joint Report of Rule 26(f) Conference to be served upon the following via the Court's ECF/CMF system:

>Richard M. Golomb
>Ruben Honik
>Kenneth J. Grunfeld
>David J. Stanoch
>**GOLOMB & HONIK, P.C.**
>1515 Market Street, Suite 1100
>Philadelphia, PA 19102
>
>*Attorneys for Plaintiff*

>*/s/* Seamus C. Duffy
>Seamus C. Duffy