# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| Donald White | ) |
|---|---|
| *Plaintiff* | ) |
| v. | )  Civil Action No. 2:15-cv-04595-PD |
| Sunoco Inc. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Citibank, N.A.
701 East 60th Street North, Sioux Falls, SD 57104

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Citibank, N.A., 701 East 60th Street North, Sioux Falls, SD 57104 or as otherwise agreed | Date and Time: 02/05/2018 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/20/0217

*CLERK OF COURT*

OR

_____          /s/ David J. Stanoch
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* David J. Stanoch for plaintiff _____, who issues or requests this subpoena, are:

Golomb & Honik, P.C., 1515 Market St., Suite 1100, Phila., PA 19102, 215.985.9177, dstanoch@golombhonik.comf

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:15-cv-04595-PD

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 2:15-cv-04595-PD Document 49-1 Filed 05/09/18 Page 4 of 10

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**Definitions And Instructions**

The following definitions and instructions apply to these requests for production:

1. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3. The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, agents, representatives, predecessors, successors, subsidiaries, or affiliates.

4. "Citibank" refers to the issuer of the Sunoco Card, its officers, directors, employees, partners, corporate parent, agents, representatives, predecessors, successors, subsidiaries, or affiliates.

5. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

6. The term "customer" means any person who can purchase, does purchase, or has purchased fuel at Sunoco locations.

7. The term "Sunoco Card" means the credit card at issue in this litigation.

8. "Identify," "identity," or "identification," when used to refer to any entity other than a natural person, means to state its full name, the present or last known address of its principal office or place of doing business, and the type of entity (e.g., partnership, professional corporation), and state of formation or incorporation.

9. "Identify," "identity," or "identification," when used to refer to a natural person, means to state the following: (a) the person's full name and present or last known address; and (b) the person's present or last known place of employment.

10. "Identify" or "identifying," when used in reference to a document, shall mean that you are required to provide the following information about the document in question: (a) the type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s) and recipient(s).

11. The term "Complaint" means the operative complaint in this litigation.

12. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

13. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

14. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

15. The use of the singular form of any word includes the plural and vice versa. Whenever necessary to bring within the scope of any request all information that might otherwise be construed to be outside its scope, (a) the use of a verb in any tense shall be construed as the use of the verb in all other tenses, (b) the use of the singular shall be construed as the use of the plural, and vice versa, and (c) "each" shall be construed to mean "any," and vice versa.

16. All documents should be produced electronically and in their native format, or in any manner consistent with the format in which they were originally created (*i.e.*; .doc, .pdf, .jpg, .tif, .xls, .mdb, .pst, etc.) and should include all data, including but not limited to, metadata, formulae, links, attachments, etc. To the extent that a document no longer exists in its original

format, said document should be produced in a reasonable similar electronic format that would allow for the same or similar functionality as the original.

17. These requests are continuing in nature. If at any time prior to trial of this action you obtain or identify additional documents or other things responsive to any of these requests, pursuant to Federal Rule of Civil Procedure 26(e), you shall seasonably serve upon the undersigned such documents or other things as required by that rule.

18. Unless otherwise specified in a particular document request, you shall produce all documents requested that are available to you, including, without limitation, all documents in your possession of any of your agents, attorneys, or other representatives or otherwise subject to your custody or control.

19. In the event that any document called for by these requests is withheld on the basis of a claim of attorney-client privilege, work product immunity, or any other grounds, for each such document, identify: (a) the nature of the privilege which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; (b) the type of document, e.g., letter or memorandum; (c) the general subject matter of the document; (d) the date of the document; and (e) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

20. In the event that any document called for by these requests is no longer in your possession, custody, or control, that document is to be identified by stating the following: (a) the contents of the document; (b) each person to whom the document was sent and each person who in fact received a copy of the document; (c) the date of the document; (d) the subject matter of the document; and (e) the present custodian of the document, or the person otherwise responsible for the document's safekeeping, storage, or filing.

21. Any file folder or other container in which a document is kept in the regular course of business is to be treated as part of the document and produced as such.

22. If information stored in, or accessible through, computers or other data retrieval systems is produced, it must be accompanied with instructions and all other materials necessary to use or interpret such data, including any data dictionaries or other descriptive materials.

23. Unless otherwise stated, the time period for these requests is for the inception of the Sunoco Card through the present.

**Requests for Production of Documents**

1. Documents sufficient to identify each set of data, operating system, and software relating to customers' purchases of fuel at Sunoco-branded locations with the Sunoco Card, including but not limited to transactional purchase data, electronic card processing data, pump data (including any cardmatic/electronic control system, dispenser control operating system, stand alone system, or spacenet technology system), discount data, and data (electronic or otherwise) from any other point-of-sale credit card imprinter or terminal systems.

2. Electronic data in tab-delimited, comma-delimited, or semicolon-delimited ASCII flat text or similar electronic format sufficient to identify cardholders of the Sunoco Card, including:

   a. Unique account identifier (e.g., account number);

   b. Cardholder city and state;

   c. Date cardholder became holder of a Sunoco Card; and

   d. Date cardholder ceased being a holder of a Sunoco Card, if applicable.

3. Electronic data in tab-delimited, comma-delimited, or semicolon-delimited ASCII flat text or similar electronic format sufficient to identify all customer fuel purchases with a Sunoco Card at a Sunoco-branded station in transaction-by-transaction format, including:

   a. Unique account identifier (e.g., account number)

   b. Date of transaction;

   c. Transaction geographic location (e.g., station address);

   d. Station identifier (e.g., store number);

   e. Type of fuel purchased;

   f. Quantity of fuel purchased including unit of measure (e.g., gallons);

   g. Per gallon gross cost of fuel purchased (e.g., $2.49/gal);

   h. Gross dollar amount of fuel purchased;

    i. Quantity of fuel purchased subject to chargeback, discount, rebate, or other adjustment including unit of measure (e.g., gallons);

    j. Date of any chargeback, discount, rebate, or other adjustment;

    k. Type of chargebeack, discount, rebate, or other adjustment (e.g., 5¢/gallon discount);

    l. Purpose of chargeback, discount, rebate, or other adjustment;

    m. Any codes tying chargeback, discount, rebate or other adjustment to particular fuel purchase;

    n. Per gallon net cost of fuel purchased; and

    o. Net dollar amount of fuel purchased.

  4. Documents sufficient to interpret and understand the columns, rows, and field values of the data responsive to Request Nos. 2-3 above, including policies and procedures manuals; coding or branching logic; data dictionaries, keys, or legends.

  5. All communications, or documents relating to communications, among you and Citibank concerning any data responsive to Request Nos. 2-3 above.

  6. Documents sufficient to show the number of Sunoco-branded locations in operation; when each such location opened; and when each such location closed if applicable.

  7. Documents sufficient to who the number of Sunoco-branded locations that participated in the Sunoco Card discount at issue in this litigation; the start date of each participating location; and the end date if applicable of each participating location.

  8. Documents sufficient to identify any third parties besides Citibank with any role in maintaining or processing the data responsive to Request Nos. 2-3 above; a description of each third party's role; the dates during which each third party held such roles; and a description of the data with which each third party worked.